IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2008

Charles R. Fulbruge III
Clerk

_____

No. 07-40644
Summary Calendar
_____

ROBERT N. BATTLE, As Trustee of
KTW Group

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA (Internal
Revenue Service)

Defendant-Appellee

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
(9:06-CV-109)
---------------------

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant is not an attorney, but a physician who purports to

appear pro se as Trustee of an entity that he has labeled the KTW Group.

This appeal is not from the district court's substantive judgment but from an

Order signed June 6, 2007 and entered June 7, 2007, denying Battle's third

motion for reconsideration, or in the alternative, a motion to dismiss under

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

Rule 60(b). Like the underlying litigation in this case, Battle's motion for reconsideration is wholly without merit, as is this appeal, so the Order appealed from is AFFIRMED.

Further, the district court determined that Battle's litigation is multiplicitous and harassing, and ordered the Clerk of that court not to accept any further motions for reconsideration and to return any such pleadings and filings. We affirm that ruling as well and add that the Clerk of this court and the clerks of all other federal courts within the geographical jurisdiction of this court, refuse to accept any pleadings whatsoever from Battle in any way arising from or connected with the underlying subject matter of this action. Moreover, Battle is cautioned that any further attempts on his part to delay the foreclosures sought by the Internal Revenue Service or otherwise to prolong or delay this litigation shall result in the imposition of sanctions from this court.

Finally, Battle is reminded that he may proceed in federal court pro se only as to matters in which he is a litigant individually, not in a representative capacity of any other person or entity. As a non-lawyer, he may not appear, pro se or otherwise, as the legal representative of any other party, even one that is or may be deemed to be merely a nominee of his. As with any further contumacious prolongation of these proceedings, any further

2

effort of Battle to appear pro se other than strictly in his own right shall expose him to sanctions.

AFFIRMED; further related filings prohibited; sanctions warning issued.